IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



| | |
|---|---|
| MARION I. HOWELL and FRANCIS L. HOWELL, | CV 13–48–BU–DWM–JCL |
| Plaintiffs, | |
| vs. | ORDER |
| TRAVIS EARL, individually and as agent of Gallatin County Sheriff's Department, State of Montana, KELLI MUNTER, individually and as agent of Gallatin County Sheriff's Department, State of Montana, SCOTT SECOR, individually and as agent of Gallatin County Sheriff's Department, State of Montana, JAMES ANDERSON, individually and as agent of Gallatin County Sheriff's Department, State of Montana, DAVID JOHNSTON, individually and as agent of Gallatin County Sheriff's Department, State of Montana, JAMES CASHELL, individually and as agent of Gallatin County Sheriff's Department, State of Montana, GALLATIN COUNTY, a political subdivision of the State of Montana, MICHAEL WALRATH, individually and as agent of Montana Highway Patrol, State of Montana, | |

| |
|---|
| JAMES SULAGES, individually and as agent of Montana Highway Patrol, State of Montana, JUSTIN BRAUN, individually and as agent of Montana Highway Patrol, MIKE TOOLEY, individually and as agent of Montana Highway Patrol, State of Montana, STATE OF MONTANA, and JOHN DOES I-X, |
| Defendants. |

Before the Court are the Findings and Recommendations of United States Magistrate Judge Jeremiah C. Lynch (Doc. 36) regarding the Motion to Dismiss advanced by Defendants Michael Walrath, James Sulages, Justin Braun, Mike Tooley, and the State of Montana ("State Defendants") (Doc. 31). State Defendants bring the Motion pursuant to Federal Rule of Civil Procedure 12(b)(6) and request dismissal of claims under Montana law brought against them as individuals by Plaintiffs Marion and Francis Howell. (*Id.*) Defendant Tooley also seeks dismissal of the Howells' claims advanced against him under a theory of superior liability under 42 U.S.C. § 1983. (*Id.*) Judge Lynch recommends the Motion be granted. (Doc. 36 at 17.) Despite this conclusion, the State Defendants bring Objections to Judge Lynch's Findings and Recommendations. (Doc. 39.)

Where no party objects, the Court reviews the findings and

recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). When a party objects, the Court reviews the relevant portions of the United States Magistrate Judge's proposed findings and recommendations *de novo*. 28 U.S.C. § 636.

The portions of Judge Lynch's Findings and Recommendations to which no party objects are without clear error and adopted in full. Plaintiffs' allegations against Michael Tooley under 42 U.S.C. § 1983, individually and in his capacity as chief of the Montana Highway Patrol, fail to state any claim upon which relief might be granted. Supervisory officials may not be held liable under § 1983 unless they personally violated a constitutional right. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). The Complaint fails to allege any fact describing Tooley's personal culpable conduct. The Individual State Defendants are immune from Plaintiffs' Montana law claims. *See* Mont. Code Ann. § 2-9-305(5). The only proper Defendant for the Howells' claims arising under state law is the State of Montana. Plaintiffs' § 1983 claims against Tooley and Montana law claims against Walrath, Sulages, Braun, and Tooley are dismissed.

The State Defendants' object to one passage in Judge Lynch's report:

> Despite the immunity afforded to an individual governmental employee under Mont. Code Ann. § 2-9-305(5), the employing governmental entity would remain liable for punitive damages arising from the individual employee's conduct. *Peschel v. City of Missoula*, 2008 WL 5131369, at *9-10 (D. Mont. 2008).

(Doc. 36 at 16.) The State Defendants claim this finding is contrary to the plain language of the statute and stands in conflict with the holding of a recent decision by Chief Judge Christensen on the same point. (Doc. 39 at 3.)

The State Defendants' Objection is not well-taken. The argument raised is a counterfactual of no consequence following the Court's adoption of the ultimate recommendation made by Judge Lynch's report. With the Montana law claims against Walrath, Sulages, Braun, and Tooley dismissed, the prospect of punitive damages liability for their individual conduct tracing to their employing government entity is eliminated. The only issues raised in the State Defendants' Motion to Dismiss are related to liability. The Motion does not seek a ruling dismissing punitive damage liability and that matter has not been briefed. For the purposes of the Motion now before the Court, this matter is moot.

IT IS ORDERED that Judge Lynch's Findings and Recommendations (Doc. 36) are ADOPTED IN FULL. State Defendants' Motion to Dismiss (Doc. 31) is GRANTED. Plaintiffs' Montana law claims brought against Defendants Walrath,

Sulages, Braun, and Tooley in their individual capacities are DISMISSED WITH PREJUDICE. Plaintiffs' claims brought against Defendant Tooley under 42 U.S.C. § 1983 are DISMISSED WITH PREJUDICE.

DATED this 5th day of February, 2014.

Donald W. Molloy, District Judge
United States District Court