IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MARION I. HOWELL, and<br>FRANCIS L. HOWELL,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAVIS EARL, individually and as agent of Gallatin County Sheriff's Department, State of Montana, et al.<br><br>Defendants. | CV 13-48-BU-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION |

Plaintiffs Francis and Marion Howell move the Court to impose sanctions against Defendants State of Montana, Michael Walrath, James Sulages, and Justin Braun (State Defendants) based on Defendant Sulages' conduct in allegedly destroying evidence relevant to this case. The Howells request dispositive sanctions in the form of a ruling in their favor on certain legal claims they advance. For the reasons stated, the Court recommends the motion be denied.

On June 26, 2011, the Howells' son was involved in a single motor vehicle accident near the Howells' home in Belgrade, Montana. Law enforcement officers from the Gallatin County Sheriff's Department and the Montana Highway Patrol responded to a 911 call to investigate the accident.

1

During the investigation Defendant Sulages, a Montana Highway Patrol Trooper, encountered Marion Howell at her residence and questioned her about the accident. He questioned her again as he drove her to the accident scene. Marion claims Sulages' conduct constituted a custodial interrogation undertaken in violation of her rights under the Fourth Amendment to the United States Constitution.

Sulages' patrol car and his law enforcement uniform were equipped with electronic devices to make an audio and video recording of his encounters with citizens. On June 26, 2011, Sulages turned on his lapel microphone believing he was recording the entirety of his interaction with Marion. (Doc. 66-6 at 4.) But several months later when Sulages reviewed the tape he discovered, for the first time, "that nothing had been recorded[,]" and he does not know why. (*Id*.)

Marion argues sanctions must be imposed against the State Defendants for failing to properly record Sulages' interactions with her – a failure tantamount to a destruction of evidence.

Marion takes the position Sulages had a duty to record his encounter with Marion, i.e. to "collect" the evidence of his conduct on June 26, 2011, and the evidence of his conversation with, and interrogation of, Marion. *See e.g.* Mont. Code Ann. § 46-4-408 (requiring law enforcement officers to electronically record

all custodial interrogations). Marion's theory is misplaced.

The courts have inherent authority to impose sanctions against a party who has lost or destroyed evidence before litigation commences. *See Leon v. IDX Systems Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). A party's failure to comply with a duty to preserve evidence after the evidence has been obtained can provided grounds for the imposition of sanctions. *Peschel v. City of Missoula*, 664 F. Supp. 2d 1137, 1143-44 (D. Mont. 2009).

But for purposes of imposing sanctions, a breach of a duty to preserve existing evidence is distinct from a breach of a duty to collect evidence. A failure to collect evidence cannot form the basis for sanctions. *Downen v. Montana Veterans' Home, et al.*, Cause No. CV 13-121-M-DWM, January 6, 2014 Order at 6 (D. Mont. January 6, 2014). Law enforcement officers have no affirmative legal duty to gather and collect evidence, but are obligated to preserve evidence once it is gathered. *State v. Wagner*, 296 P.3d 1142, 1146-48 (Mont. 2013). Thus, although a failure to preserve existing evidentiary materials can constitute sanctionable conduct, a failure to gather and collect evidence cannot. *Downen*, January 6, 2014 Order at 7.

It is undisputed that Sulages failed to make an audio and video recording of the events on June 26, 2011, but that he did not affirmatively destroy any

recording. The recording Sulages thought he had made never existed in the first place. But sanctions cannot be imposed against the State Defendants based on Sulages' failure to obtain or collect evidence. *Downen*, January 6, 2014 Order at 7. Therefore, IT IS HEREBY RECOMMENDED that the Howells' motion for sanctions be DENIED.

Any objections to these findings and recommendation under 28 U.S.C. § 636 shall be filed and served on or before June 10, 2014, and any responses to objections shall be filed and served on or before June 13, 2014. *See United States v. Barney*, 568 F.2d 134, 136 (9th Cir. 1978) (the court need not give the parties the full statutory period set forth in 28 U.S.C. § 636(b)(1) within which to file objections).

DATED this 3rd day of June, 2014.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge