IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MARION I. HOWELL, and FRANCIS L. HOWELL, | CV 13-48-BU-DWM-JCL |
| Plaintiffs, | ORDER |
| vs. | |
| TRAVIS EARL, individually and as agent of Gallatin County Sheriff's Department, State of Montana, et al. | |
| Defendants. | |

Defendants State of Montana, Michael Walrath, James Sulages, and Justin

Braun (State Defendants) move to exclude the expert opinion testimony from

Plaintiffs Francis and Marion Howell's expert witness, Robert F. La Pier, that is

set forth in La Pier's expert report dated December 19, 2013.  Additionally, the

State Defendants move to preclude the Howells from presenting evidence of

specific elements of damages that they did not disclose during discovery.  The

remaining Defendants join in the State Defendants' motion.  The Court will,

therefore, address the motion as presented by all Defendants.

## I.    Expert Witness - La Pier

The admissibility of expert opinion testimony is governed by Fed. R. Evid.

702 which provides that:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>>
>> (b) the testimony is based on sufficient facts or data;
>>
>> (c) the testimony is the product of reliable principles and methods; and
>>
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

For expert opinion testimony to be admissible under Rule 702 the district court must ensure that it is both relevant and reliable. *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993). Expert testimony is subject to exclusion if it falls short of meeting either requirement. *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007). The proponent of the expert's testimony bears the burden of establishing that the testimony is admissible. *Lust v. Merrell Dow Pharmaceuticals, Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). Rulings on the admissibility of expert testimony under Rule 702 are within the sound discretion of the trial court. *General Electric Co. v. Joiner*, 522 U.S. 136, 141-42

(1997).

## A.     Insufficient Facts and Data

Defendants challenge the reliability of La Pier's expert witness report and testimony on the ground that he apparently reviewed very limited information, as identified in his December 19, 2013 report, prior to his preparation of the report. They assert his opinions are flawed and unreliable because they are rendered without a comprehensive review of all the facts in this case, and in ignorance of evidentiary materials that are contrary to the Howells' version of the facts. Therefore, Defendants contend La Pier's opinions are not "based on sufficient facts or data" as required under Fed. R. Evid. 702(b).

The requirement that expert testimony be based on "sufficient facts or data" "requires [the court to engage in] an analysis of the sufficiency of underlying facts or data that is quantitative rather than qualitative." *United States v. W.R. Grace*, 455 F. Supp. 2d 1148, 1152 (D. Mont. 2006). The requirement "is not intended to authorize a trial court to exclude an expert's testimony on the ground that the court believes one version of the facts and not the other." *Id*.

Here, to the extent La Pier's opinions may not take into account all of the relevant facts as Defendants argue, that asserted deficiency only provides grounds for a vigorous cross-examination of La Pier's testimony, not grounds for its

exclusion.

### B. <u>Irrelevant Testimony</u>

Defendants move to exclude La Pier's testimony with respect to Defendants' (1) alleged violations of Marion's *Miranda* rights, and (2) alleged wrongful conduct during the discovery process in the criminal case prosecuted against Marion. The Court's Findings and Recommendation entered May 30, 2014, recommends that Marion's *Miranda* claims be dismissed. (Doc. 118 at 28-29.) And the Court concludes that no viable legal claim exists with respect to Defendants' alleged conduct during the criminal discovery process. Since those legal claims no longer remain in this case, "[e]xpert testimony which does not relate to any issue in the case is not relevant" and is subject to exclusion. *Daubert*, 509 U.S. at 591. Defendants' motion is granted in this respect.

### C. <u>Legal Conclusions and Assisting the Trier of Fact</u>

Defendants move to exclude those portions of La Pier's expert opinion testimony to the extent they improperly express legal conclusions, or do not "help the trier of fact[.]" Fed. R. Evid. 702(a). Defendants' motion is well taken as discussed below. But the Court will reserve ruling on that aspect of Defendants' motion asserting that certain opinions will not help the trier of fact. The ruling is reserved for the District Judge's consideration at trial at which time Defendants

may expressly identify any of La Pier's opinions which they assert will not assist the trier of fact, and the District Judge can resolve the objection in the context of the evidence presented at trial.

With respect to Defendants' motion directed at La Pier's "legal conclusions," the Court agrees and the motion is granted. Although an expert witness may express an opinion with respect to an ultimate issue to be decided by the trier of fact (Fed. R. Evid. 704(a)), the expert may not "give an opinion as to her legal conclusion, i.e., an opinion on an ultimate issue of law." *Hangarter v. Provident Life and Accident Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004) (citation and quotation omitted). *See also United States v. Moran*, 493 F.3d 1002, 1008 (9th Cir. 2007). And an expert's opinion is improper to the extent it directs a jury as to the result it should reach in making a decision. *Elsayed Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1065 n.10 (9th Cir. 2002). The task of resolving questions of law and "instructing the jury as to the applicable law 'is the distinct and exclusive province' of the court." *Hangarter*, 373 F.3d at 1016 (quoting *United States v. Weitzenhoff*, 35 F.3d 1275, 1287 (9th Cir. 1993)).

Defendants move to exclude La Pier's opinion stating that "[t]he police officers used excessive force against [Francis Howell]." (Doc. 88-1 at 17.) As a matter of law, the Fourth Amendment to the United States Constitution prohibits

law enforcement officers from using "excessive force in the course of making an arrest[.]" *Graham v. Connor*, 490 U.S. 386, 388 (1989). Thus, an expert witness's opinion about the amount of force used that is expressed in terms of being "excessive" is a legal conclusion which improperly instructs the jury as to the result it should reach. *Haflich v. McLeod*, 2011 WL 65877, *4 (D. Mont. 2011).

Defendants also move to exclude La Pier's testimony stating that "[t]he police officers violated M.C.A. 46-6-312." (Doc. 88-1 at 18.) "The proper interpretation of a statute is a question of law[]" for the Court to resolve. *United States v. Stephens*, 237 F.3d 1031, 1033 (9th Cir. 2001). And, a statement as to whether an individual violated a specific statutory provision is an opinion on a legal conclusion which an expert witness is not permitted to give. *Nationwide Transport Finance v. Cass Information Systems, Inc.*, 523 F.3d 1051, 1059-60 (9th Cir. 2008).

Defendants next move to exclude La Pier's opinion concluding that the police officers' "warrantless entry into Marion's house violated proper police procedure." (Doc. 88-1 at 20.) La Pier's report, couched in terms of "police procedure," discusses the law under the Fourth Amendment establishing that a police officer's warrantless entry to a home is "presumptively unreasonable"

absent the existence of legally recognized exceptions. *Hopkins v. Bonvicino*, 573 F.3d at 752, 763 (9th Cir. 2009). And La Pier concludes in his report that Defendants violated the referenced legal principles. Therefore, La Pier's opinion is an improper legal conclusion which he may not express at trial.

### D.   Subjective or Speculative Expert Testimony

To be admissible under Rule 702, an expert's testimony or opinion must be founded on sufficient facts or data to render it something "more than subjective belief or unsupported speculation." *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 590 (1993). Thus, where an expert fails to demonstrate that a particular opinion is more than a mere subjective belief, unsupported speculation, or a bald conclusion, the opinion is subject to exclusion under Rule 702. *Claar v. Burlington Northern Railroad Company*, 29 F.3d 499, 502 (9th Cir. 1994); *Flagstone Development, LLC v. Joyner*, 2011 WL 5040663, *2 (D. Mont. 2011).

Defendants move to exclude as speculative and subjective La Pier's opinion testimony with respect to Defendant James Sulages' conduct in failing to record his encounter with Marion. But the Court's May 30, 2014 Findings and Recommendation concludes that Sulages' conduct does not give rise to any legal claim. Consequently, La Pier's testimony as to Sulages' conduct in that regard is irrelevant to any remaining claim or issue and, therefore, is subject to exclusion.

7

Defendants move to preclude La Pier from expressing his opinion that "the cops were going to extract information from Marion at any cost." (Doc. 88-1 at 20.) The Court agrees that this opinion is nothing more than a subjective and speculative belief expressed by La Pier. La Pier's speculative opinion about Defendants' state of mind, motives, or intentions is not based on scientific, technical, or other specialized knowledge. The opinion is merely La Pier's subjective belief as to what the Defendants were willing to do.

Defendants move to exclude La Pier's testimony expressing his opinion that Defendants had no reason to fear for their safety when they encountered Francis Howell at his residence. Specifically, La Pier's expert report provides as follows:

> At the time Plaintiff Toby (Francis) was 78 years old, a grandfather, and a retired college professor. Marion was 77 years old, a grandmother, and a retired teacher/office worker[...]. As a result, none of the cops had any reason to suspect danger from this elderly, retired couple and they were not a flight risk[.]

(Doc. 88-1 at 13.) Defendants object to this opinion statement on the grounds it is not based on sufficient facts or data, and is nothing more than La Pier's subjective belief. The Court agrees.

La Pier's opinion as to whether the Howells posed a danger cites to the Howells' allegations in their First Amended Complaint, and it purports to be predicated solely upon the grounds that the Howells are elderly, retired, and

grandparents.  (Doc. 88-1 at 13.)  The identified predicate grounds for the opinion, and La Pier's reliance upon the Howells' mere allegations, contentions and interpretations, are insufficient to elevate La Pier's opinion to something more than an unsupported subjective belief.  Where expert testimony is not supported by sufficient facts, and is based on unfounded assertions presented by one party, then the opinion testimony is not reliable.  *In re Silberkraus*, 336 F.3d 864, 871 (9th Cir. 2003).

Defendants move to exclude La Pier's testimony concluding that the circumstances following Defendants' conduct in arresting Francis Howell "reflect[ed] the [Defendants'] belief that there was no [...] probable cause" to arrest Francis.  (Doc. 88-1 at 19.)  This Court's Findings and Recommendation entered May 30, 2014, concluded, as a matter of law, that Defendant Sulages had probable cause to arrest Francis.  (Doc. 118 at 20.)  Thus, La Pier's opinion on the lack of probable cause is no longer relevant to any remaining claim and, therefore, is subject to exclusion.

### E.  <u>Confined to Initial Expert Report</u>

Defendants move in limine to confine La Pier's expert testimony and opinions to be presented at trial to only those contained within his report dated December 19, 2013.  Defendants argue that the Howells may not rely on any

further expert witness opinions disclosed after the deadline for the disclosure of experts that was imposed upon the parties in the Court's September 30, 2013 scheduling order. The deadline for the Howells' disclosure of their liability and damages experts was December 20, 2013. (Doc. 22 at 2.)

In response, the Howells assert they intend to, and are entitled to, also rely upon La Pier's expert witness opinions disclosed in the "Supplemental Expert Report of Robert F. La Pier" dated March 27, 2014. (Doc. 93-1 at 3-18.) For the reasons discussed, the Court concludes La Pier's March 27, 2014 expert report does not qualify as a permissible "supplemental" report.

Supplemental expert reports are required under Fed. R. Civ. P. 26(e)(1) in only three situations:

> 1) upon court order; 2) when the party learns that the earlier information is inaccurate or incomplete; or 3) when answers to discovery requests are inaccurate or incomplete.

*Keener v. United States*, 181 F.R.D. 639, 640 (D. Mont. 1998). Thus, permissible supplementation is defined as that which is provided for the purpose of "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Id*.

La Pier's March 27, 2014 expert report does not qualify as a permissible supplemental report. Neither the Howells nor the Defendants have identified

10

inaccuracies or incomplete interstices within La Pier's initial expert report dated December 19, 2013, so as to properly characterize the second report as a supplement to the first report. La Pier's March 27, 2014 report, identifies additional facts and data, and additional expert opinions as required by Fed. R. Civ. P. 26(a)(2)(B)(i) & (ii), but which were not disclosed in La Pier's initial December 19, 2013 report. Thus, La Pier's "second report [contains] information, reasoning and opinions that Rule 26 requires be disclosed in the critical initial [expert] disclosure" thereby precluding his second report from qualifying as a supplemental report. *Keener*, 181 F.R.D. at 640. Also, La Pier's new, additional, and different expert opinions contained within the second report preclude its characterization as a supplemental report since the Howells were required to disclose them in La Pier's initial report. *Id*. The nature of the second report which contains new opinions is substantively different from the first report and, therefore, "it falls far outside any reasonable notion or correcting an incomplete or inaccurate expert report." *Id*. 181 F.R.D. at 641.

Because La Pier's March 27, 2014 report is not a "supplemental report", the Court must consider whether it was timely filed as an initial expert report required under Fed. R. Civ. P. 26(a)(2)(B). Rule 26(a)(2)(B)(i) requires a litigant in federal court to produce an expert witness report containing, inter alia, "a complete

11

statement of all opinions the [expert] witness will express[.]"

The deadline imposed in this case for all parties to disclose liability experts and expert reports was December 20, 2013. (Doc. 22 at 2.) La Pier's March 27, 2014 expert report did not comply with this deadline.

Litigants must comply with expert disclosure deadlines established in a court's scheduling order because the order is an invaluable tool to "foster the efficient treatment and resolution of cases." *Wong v. Regents of the University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). Consequences must be imposed for non-compliance. *Id*.

The federal courts have discretion to exclude expert witness testimony due to an untimely or inadequate expert disclosure. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Such exclusion is expressly authorized by Fed. R. Civ. P. 37(c)(1).[1] *Id*. The only exceptions stated in Rule 37(c)(1) to the exclusionary rule are if the non-disclosure was either "substantially justified or harmless," and the burden is on the party opposing the exclusion to

---

[1]Additionally, the scheduling order issued in this case warned as follows:

An inadequate report or disclosure may result in exclusion of the expert's opinions at trial even though the expert has been deposed.

(Doc. 22 at 7 (emphasis in original)).

establish such exceptions. *Yeti*, at 1107.

The Howells have not offered any substantial justification for their untimely disclosure of La Pier's opinions on March 27, 2014. Nor have they presented any argument in an attempt to establish that the untimely expert report is harmless.

A party's disregard of an expert witness disclosure deadline would result in the need to alter other scheduling order deadlines, and such "[d]isruption to the schedule of the court and other parties in that manner is not harmless." *Wong*, 410 F.3d at 1062. The trial in this case is presently set to commence on June 30, 2014. At this late stage, harmlessness cannot be established.

> Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.

*Id*. The Howells have not presented any "good reasons" not to enforce the disclosure deadline in this case.

In considering whether to exclude an expert's opinions that are not timely disclosed, this Court must considered five factors as follows:

> 1) the public's interest in expeditious resolution of litigation; 2) a court's need to manage its docket; 3) risk of prejudice to the [party seeking sanctions]; 4) public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions.

*Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998) (citing *Wanderer v.*

*Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)).

In this case, consideration of the factors recognized in *Keener* leads to the conclusion that La Pier's late disclosed opinions should be excluded. The public and the parties' interest in expeditious resolution of litigation is promoted by adherence to the disclosure rules. Similarly, effective management of the Court's docket can only be achieved if the disclosure rules are enforced, thereby avoiding continuances caused by an untimely disclosure of expert opinions. Defendants are now prejudiced by the close of discovery on February 21, 2014, and the attendant limitations on their ability to prepare for La Pier's additional opinions.

Next, although public policy favors disposition of cases on their merits, such policy has a procedural component in the form of the expert witness disclosure deadline imposed by the court. *Keener*, 181 F.R.D. at 642.

Lastly, although less drastic sanctions may be available, they are limited and do not outweigh the other four factors which weigh in favor of excluding La Pier's additional/new opinions. Significantly, La Pier may still present any remaining viable opinions that are contained within his December 19, 2013 expert report, thereby sufficiently rendering the exclusion of La Pier's March 27, 2014 report a less drastic sanction.

Based on the forgoing, Defendants' motion to limit La Pier to the content of

the December 19, 2013 report, and to exclude his expert opinions contained within his untimely March 27, 2014 report is granted.

## II.    Howells' Damages Not Included in their Initial Disclosures

The Defendants move in limine to preclude the Howells from presenting evidence of their alleged loss of established course of life, Marion's criminal defense costs and her medical costs, and Francis's medical and rehabilitation costs. Defendants' motion is based on the Howells' asserted failure to disclose evidence of these damages in their initial disclosures, and in discovery responses.

The subject of the exclusion of these evidentiary matters was addressed in the Court's Order entered May 2, 2014, with respect to Defendants' motion to compel discovery. Thus, Defendants' motion in limine is granted in part, and denied in part as concluded in the referenced Order. (Doc. 117 at 9-14.)

In its May 2, 2014 Order, however, the Court reserved ruling upon the issue of the sufficiency of the Howells' disclosure of Francis's medical and rehabilitation costs pending the Court's resolution of the summary judgment motions directed at Francis's claims alleging excessive use of force. As concluded in the Court's Findings and Recommendation entered May 30, 2014, the Court recommended that those claims remain for resolution at trial. Therefore, the Court will now address the issue of whether evidence of Francis's medical costs should

be excluded.

The Howells provided supplemental discovery responses dated February 14, 2014, which presented Francis's asserted medical and rehabilitation costs. (Doc. 46-10 at 7-8, and 13-35.) But all of those evidentiary materials only documented costs that Francis incurred in 2014, and future costs that Francis may incur as a result of a possible future shoulder replacement surgery.[2] That evidence provided did not disclose any rehabilitation or medical costs that he incurred in 2011, 2012, or 2013. Therefore, Defendants' motion to exclude evidence of Francis's rehabilitation and medical costs incurred in 2011, 2012, and 2013 is granted on the ground that the Howells have never disclosed evidence of those costs.

IT IS SO ORDERED.

DATED this 10th day of June, 2014.

_____
Jeremiah C. Lynch
United States Magistrate Judge

---

[2]The Court presumes that Francis will present the requisite expert testimony necessary to authenticate the documents reflecting his medical and rehabilitation costs, and to substantiate Francis's claims.