IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| MARION I. HOWELL and FRANCIS L. HOWELL, | CV 13–48–BU–DWM–JCL |
| Plaintiffs, | |
| vs. | ORDER |
| TRAVIS EARL, individually and as agent of Gallatin County Sheriff's Department, State of Montana, KELLI MUNTER, individually and as agent of Gallatin County Sheriff's Department, State of Montana, SCOTT SECOR, individually and as agent of Gallatin County Sheriff's Department, State of Montana, JAMES ANDERSON, individually and as agent of Gallatin County Sheriff's Department, State of Montana, DAVID JOHNSTON, individually and as agent of Gallatin County Sheriff's Department, State of Montana, JAMES CASHELL, individually and as agent of Gallatin County Sheriff's Department, State of Montana, GALLATIN COUNTY, a political subdivision of the State of Montana, MICHAEL WALRATH, individually and as agent of Montana Highway Patrol, State of Montana, | |

JAMES SULAGES, individually and as agent of Montana Highway Patrol, State of Montana, JUSTIN BRAUN, individually and as agent of Montana Highway Patrol, MIKE TOOLEY, individually and as agent of Montana Highway Patrol, State of Montana, STATE OF MONTANA, and JOHN DOES I-X,

            Defendants.

Trial in this matter is close at hand. The proposed Findings and Recommendations of United States Magistrate Judge Jeremiah C. Lynch are now before the Court. (*See* Docs. 118 & 119.) Judge Lynch recommends that the Defendants' Motions for Summary Judgment be granted except as to the claims of excessive force and negligence asserted by Francis Howell against Defendants Earl, Secor, and Munter and as to the claims of unlawful entry and detention asserted by Marion Howell against the Defendants. Judge Lynch further recommends that Francis Howell's Motion for Summary Judgment on his claim of excessive use of force be denied and recommends that the Plaintiffs' Motion for Sanctions also be denied.

When no party objects, the Court reviews the proposed findings and recommendations of a United States Magistrate Judge for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir.

1981). Clear error is present only if the Court is left with a "definite and firm conviction that a mistake has been committed." *United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). When a party objects, the Court reviews the relevant portions of the United States Magistrate Judge's proposed findings and recommendations *de novo*. 28 U.S.C. § 636.

Judge Lynch's proposed Findings and Recommendations regarding the Plaintiffs' Motion for Sanctions, (Doc. 119), were not met with objection. They are accordingly reviewed for clear error. After review of Judge Lynch's report, the Court finds no mistake of law. These proposed Findings and Recommendations will accordingly be adopted in-full.

Judge Lynch's proposed Findings and Recommendations regarding the pending Motions for Summary Judgment, (Doc. 118), were met with objection by all parties. The portions of Judge Lynch's report to which objection was lodged are therefore reviewed *de novo*. *See* 28 U.S.C. § 636. After reviewing the parties' Motions, Judge Lynch's Findings and Recommendations, the parties' Objections, and the parties' Responses, the Court finds no error in Judge Lynch's disposition of the pending motions. The proposed Findings and Recommendations will accordingly be adopted in-full.

Plaintiffs Objection, (Doc. 120), argues that Judge Lynch's report

erroneously omits consideration of Trooper Sulages' first attempt to enter the Plaintiffs' residence by knocking at the door. This Objection is not well-taken. First and foremost, Plaintiffs do not address Trooper Sulages qualified immunity. Plaintiffs fail to allege a violation of the knock and announce rule and do not make any claim that their interpretation of the rule was clearly established on June 26, 2011. Furthermore, Plaintiffs do not dispute that after knocking, Trooper Sulages walked away from the door. "When law enforcement officers who are not armed with a warrant knock on a door, they do no more than any private citizen might do." *Kentucky v. King*, 131 S. Ct. 1849, 1862 (2011). A mere knock at the door, without more, does not constitute an attempted entry. Plaintiffs claim that *Cassady v. Yellowstone Co., et al.*, 143 P.3d 148 (Mont. 2006), holds to the contrary is a plain misstatement of the law. In *Cassady*, the Montana Supreme Court concluded that officers violated Cassady's constitutional rights <u>when they entered</u> his home without announcing their presence. 143 P.3d at 157. Sulages did not enter the home after knocking at the door. Plaintiff's Objection is without merit and set aside.

The State of Montana argues, through its Objection, (Doc. 121), that four of Judge Lynch's recommendations are in error. First, the state claims that probable cause justified the alleged seizure of Marion Howell by Trooper Sulages. This

argument is premised on the lawfulness of the officers' entry to the property, a matter in dispute in this case. Judge Lynch found, and the State does not contest, that there is a genuine issue of material fact as to whether Deputy Secor had permission to enter and remain in the Howells' residence. (*See* Doc. 118 at 22-23.) While Deputy Secor's actions on entry cannot be imputed to Trooper Sulages, (*see id.* at 24), analogously, Trooper Sulages subsequent entry does not render lawful Deputy Secor's earlier entry of the home. Thus, the *Struckman* standard applied by Judge Lynch in his Findings and Recommendations is not in error and the state's first objection fails. This analysis also negates the state's third objection, which asserts that probable cause is a bar to Marion Howell's negligence claim.

The state's second objection contests Judge Lynch's recommendation that Marion Howell's claim under Article II, Section 11 of the Montana Constitution survive summary judgment. Judge Lynch found that Marion Howell's unlawful detention claim and corresponding state constitutional claim must be submitted to the trier of fact. The state now claims that the state constitutional claim is barred because an adequate common law remedy exists to bar the constitutional tort claim. Marion Howell's false arrest claim, the common law remedy cited by the state, was found deficient as a matter of law, however. (*See* Doc. 118 at 28 n.12.)

Furthermore, the false arrest claim is distinct from the unlawful detention arguments advanced by Marion Howell under 42 U.S.C. § 1983 and Article II, Section 11 of the Montana Constitution. Marion Howell's detention claims are distinct from her arrest claims; Judge Lynch's proposed Findings and Recommendations in this regard are not in error and will be adopted.

The state also argues in its Objections that it is immune from punitive damages. The state's claims here do not rejoin Judge Lynch's observation that two conflicting statutes are in issue on this question and his suggestion that the punitive damages claim is most appropriately submitted to the jury and, if the jury awards punitive damages, the propriety of that award can be addressed post trial. Judge Lynch's report is not erroneous regarding the path forward on the punitive damages question. The Findings and Recommendations on this point will be adopted.

The County Defendants also filed Objections to Judge Lynch's Findings and Recommendations. (*See* Doc. 122.) At the outset, the County Defendants claim that dismissal of various party-Defendants is warranted in light of the recommendations set forth in Judge Lynch's report. These arguments are well-taken. The Court will order Defendants Johnson, Anderson, and Cashell dismissed from the case, as Judge Lynch properly found that no claim remains

pending against them.

The County Defendants contest Judge Lynch's conclusion that summary judgment is not appropriate as to Marion Howell's claims against Deputy Secor. After reviewing the Defendants' submission, the parties' briefs, and Judge Lynch's Findings and Recommendations, the Court concludes that Judge Lynch's recommendation is not in error. The facts surrounding this claim, construed in the light most favorable to the Plaintiff, raise an issue ripe for trial as to Deputy Secor's entry of the Howell residence and alleged detention of Marion Howell. The Findings and Recommendations are not in error and will be adopted in-full.

IT IS ORDERED that Judge Lynch's proposed Findings and Recommendations regarding all parties' Motions for Summary Judgment, (Doc. 118), and Plaintiffs' Motion for Sanctions, (Doc. 119), are ADOPTED IN-FULL.

IT IS FURTHER ORDERED that the State of Montana's Motion for Summary Judgment, (Doc. 65), is GRANTED IN-PART and DENIED IN-PART.

IT IS FURTHER ORDERED that the County Defendants' Motions for Summary Judgment, (Docs. 75, 78, & 80), are GRANTED IN-PART and DENIED-IN PART.

IT IS FURTHER ORDERED that Plaintiffs' Combined Motion for Summary Judgment and Motion for Sanctions, (Doc. 72), is DENIED.

IT IS FURTHER ORDERED that, consistent with Judge Lynch's Findings and Recommendations on the County Defendants' Motions for Summary Judgment, Defendants Johnson, Anderson, and Cashell are hereby DISMISSED WITH PREJUDICE. The caption of this case shall be amended accordingly.

DATED this 18th day of June, 2014.

_____
DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT