

**FILED**

AUG 2 8 2014

Clerk, U.S. District Court
District Of Montana
Missoula

| | |
|---|---|
| MARION I. HOWELL and FRANCIS L. HOWELL,<br><br>Plaintiffs,<br><br>vs.<br><br>TRAVIS EARL, individually and as agent of Gallatin County Sheriff's Department, State of Montana, KELLI MUNTER, individually and as agent of Gallatin County Sheriff's Department, State of Montana, SCOTT SECOR, individually and as agent of Gallatin County Sheriff's Department, State of Montana, GALLATIN COUNTY, a political subdivision of the State of Montana, JAMES SULAGES, individually and as agent of Montana Highway Patrol, State of Montana, and the STATE OF MONTANA,<br><br>Defendants. | CV 13–48–BU–DWM<br><br><br><br>OPINION AND ORDER |

## I.   Introduction

In their Amended Complaint, Plaintiffs Marion I. Howell and Francis L.

Howell brought civil rights claims under 42 U.S.C. § 1983 and state law claims

related to a traffic accident investigation on the evening of June 26, 2011. (Doc. 28.) The Court resolved some claims following a Motion to Dismiss brought by the State Defendants, (*see* Docs. 36 and 41), and Motions for Summary Judgment brought by the Plaintiffs, the State Defendants, and the County Defendants, (*see* Docs. 118, 119, and 148). The Plaintiffs' excessive use of force, unlawful entry, unlawful detention, negligent investigation, and punitive damages claims survived and were tried before a jury in Butte, Montana June 30, 2014 to July 3, 2014. (*See* Docs. 168-170, 177.) During the trial, the Court granted Motions for Judgment as a Matter of Law, brought pursuant to Federal Rule of Civil Procedure 50, regarding the Plaintiffs' negligence claim against the State Defendants and claim for punitive damages. (Doc. 169.) On the afternoon of July 3, 2014, after approximately seven hours of deliberation, the jury found for Plaintiff Marion I. Howell on her unlawful entry of home claim brought under 42 U.S.C. § 1983 and the Montana Constitution, but awarded only nominal damages. (*See* Doc. 178.) The jury found for the Defendants on all other claims. (*Id.*)

Plaintiffs now move for an award of attorney fees, pursuant to 42 U.S.C. § 1988 and Montana law. (Doc. 185.) The State Defendants and County Defendants oppose Plaintiffs' Motion. (Docs. 189 and 192.) The State Defendants also bring a Motion for Review of Costs assessed by the Clerk of

Court. (Doc. 198.) Plaintiffs oppose the State Defendants' Motion. (Doc. 204.) This order and opinion resolves these outstanding Motions.

## II.    Plaintiffs' Motion for Attorney Fees

Plaintiffs move for an award of attorney fees pursuant to 42 U.S.C. § 1988 and Montana law. As a predicate to their argument on the merits, Plaintiffs qualify their Motion with a claim that they should be awarded the entirety of attorney fees incurred in this action because precise attribution of the fees to specific claims is impossible. Even though only one Plaintiff, Marion Howell, prevailed against one County Defendant, Deputy Scott Secor, Plaintiffs state that the Court must grant recovery of all attorney fees incurred in this action. Plaintiffs represent this result is warranted because the fees attributable to each claim made by each Plaintiff against each Defendant are not segregable. Plaintiffs argue that the interrelatedness of the factual foundation of their claims and the legal theories pursued in this case make a precise allocation of the fees incurred on each claim impossible. Before analysis of the ultimate issue raised by the Motion, Plaintiffs also argue that the County Defendants were presented with two opportunities to resolve this action by settlement, which they declined to consider.

Plaintiffs assert that the Court must consider twelve factors that the Supreme Court adopted in *Hensley v. Eckerhart* when evaluating a motion for

attorney fees in a § 1983 action. *See* 461 U.S. 424 (1983). Plaintiffs claim that the Court in *Hensley* considered the legislative history of the Civil Rights Act and adopted a factor analysis from *Johnson v. Georgia Highway Express, Inc.* for adjudication of a claim for attorneys fees brought pursuant to the Act. *See id.* at 429-30 (citing *Johnson v. Ga. Hwy. Express, Inc.*, 488 F.2d 714 (5th Cir. 1974)). Plaintiffs argue that the Ninth Circuit Court of Appeals has favorably referred to *Hensley* as a guide for adjudication of attorney fee claims under the Act. *See Corder v. Gates*, 947 F.2d 374 (9th Cir. 1991). In their brief, Plaintiffs set forth the twelve factors from *Johnson*, but forgo any analysis or argument as to how the factors should be applied, instead opting to "not belabor this matter by discussing each factor because the [C]ourt is already generally familiar with this case . . . ." (Doc. 186 at 6.) In closing, Plaintiffs make arguments to justify the calculation of the fees sought.

The State Defendants' Response to Plaintiffs' Motion for Attorney's Fees indicates that they were not contacted for their position on the Motion, pursuant to Local Rule 7.1. The State Defendants filed their Response "out of an abundance of caution" because Plaintiffs' Motion "discusses work done [on] unsuccessful claims against [the] State [D]efendants." (Doc. 189 at 1.) The State Defendants present a straightforward legal argument for denying any fee award attributable to

claims upon which they prevailed. Relying on the statute's limitation of fees to a "prevailing party[,]" 42 U.S.C. § 1988(b), and relevant state and federal cases, the State Defendants claim that the Plaintiffs may not recover any fees from the state because the state prevailed on all claims.

The County Defendants Response to Plaintiffs' Motion insists that the Court must deny any award of attorney fees because Marion Howell filed to prove an essential element of her claim for monetary relief and recovered only nominal damages. The County Defendants rely on *Farrar v. Hobby*, where the United States Supreme Court interpreted the fee recovery provision of the Civil Rights Act in the context of a plaintiff awarded only nominal damages. *See* 506 U.S. 103 (1992). There, the Supreme Court stated that "[w]hen a plaintiff recovers only nominal damages because of his failure to prove an essential element of his claim for monetary relief . . . the only reasonable fee is usually no fee at all." *Id.* at 115 (citation omitted). The County Defendants argue that Marion Howell has "essentially prevailed on a simple trespass theory, without establishing anything other than entry into the residence without an adult's consent." (Doc. 192 at 4.) This, they argue, "renders her success relatively insignificant in the context of the entirety of the case presented," and entitles her to no award of fees. (*Id.* at 4-5.) The County Defendants also argue that no award of fees is warranted under

Montana law and that the amount of fees Plaintiffs request are unreasonable.

The Court is now called upon to determine whether any award of attorneys fees is appropriate under federal and state law. If so, the Court must then decide whether the amount of the Plaintiffs' request is reasonable. Plaintiffs filed a Reply to the Defendants' Responses to their Motion. In this document, Plaintiffs engaged in detailed analysis of the legal justification for the fees sought, with specific reference to authority regarding a nominal damages plaintiff's ability to recover fees in an action brought under the Civil Rights Act. This analysis was notably absent from the initial Brief in Support of their Motion. Because these arguments were only presented to the Court in the Plaintiff's Reply, Defendants have not been afforded an opportunity to respond. Despite this unfair sandbagging, the Court has given due consideration to each of the Plaintiffs' arguments in support of their claim that they are entitled to attorney's fees. The only proper conclusion is that Plaintiffs are entitled to none of the relief sought under federal and state law. Their Motion will therefore be denied.

At the outset, lacking any assistance or instruction from Plaintiffs' briefs on the Motion, it is necessary to narrow the scope of the question now before the Court. Plaintiffs are not entitled to an award of fees against the State Defendants because they were not a prevailing party as to any State Defendant. *See* 42 U.S.C.

§ 1988(b). The Court therefore construes Plaintiffs' Motion as a request that the entire sum of attorney fees requested be assessed against the County Defendants.

## A. Plaintiffs' Claim for Attorney's Fees under Federal Law

Plaintiffs are not entitled to an award of attorney's fees under federal law. Marion Howell prevailed against Defendant Deputy Scott Secor on her claim that he unlawfully entered her home. The jury awarded her only nominal damages of one dollar. The Supreme Court in *Farrar v. Hobby* considered the whether a civil rights plaintiff who receives only nominal damages is a prevailing party eligible to receive an award of attorney's fees under § 1988. 506 U.S. 103 (1992). In *Farrar*, the Court[1] held that "a plaintiff who wins nominal damages is a prevailing party under § 1988." *Id.* at 112. The Court went on to state that the degree of a plaintiff's success is the guidepost for whether an award of attorney's fees is reasonable for a prevailing nominal damages plaintiff in a civil rights action. *Id.* at 114. In this context, a court need only consider the amount and nature of

---

[1] Contrary to Plaintiff's insistence, (*see* Doc. 203 at 5), Justice Thomas' opinion for the Court in *Farrar* was not a plurality opinion. Justice Thomas was joined by Chief Justice Rhenquist and Justices O'Connor, Scalia, and Kennedy in delivering his opinion for the Court. In addition to joining Justice Thomas' opinion for the Court, Justice O'Connor filed her own concurring opinion. Justice White filed an opinion concurring in part and dissenting in part, which Justices Blackmun, Stevens, and Souter joined. While it may be correct to characterize the opinions of the justices as somewhat fractured, Plaintiff's claim that "the *Farrar* decision was a 4-4 split of the Justices, with Justice O'Connor's concurrence being the swing vote[]" is flatly incorrect. Justice Thomas' opinion was joined by a majority of the Justices then sitting and thus constitutes an opinion of the Court which is binding authority on the legal questions it interprets.

damages sought and awarded, without reference to the *Hensley* factors bearing on

reasonableness or calculating an exact award by reference to the number of hours

reasonably expended and a reasonable hourly rate. *Id* at 114-15. Of special

importance to this case, the Court noted that "[i]n some circumstances, even a

plaintiff who formally 'prevails' under § 1988 should receive no attorney's fees at

all. A plaintiff who seeks compensatory damages but receives no more than

nominal damages is often such a prevailing party." *Id.* at 115. "When a plaintiff

recovers only nominal damages because of [] failure to prove an essential element

of [a] claim for monetary relief . . . the only reasonable fee is usually no fee at all."

*Id.*

Without specific guidance from Justice Thomas' opinion in *Farrar* as to the

circumstances under which recovery of attorney's fees by a nominal damages

plaintiff is proper, the Ninth Circuit Court of Appeals "follow[s] the general rule,

derived from Justice O'Connor's concurrence in *Farrar*, that '[i]f a district court

chooses to award fees after a judgment for only nominal damages, it must point to

some way in which the litigation succeeded, *in addition* to obtaining a judgment

for nominal damage." *Mahach-Watkins v. Depee*, 593 F.3d 1054, 1059 (9th Cir.

2010) (citing *Wilcox v. City of Reno*, 42 F.3d 550, 555 (9th Cir. 1994)) (emphasis

in original). The Court of Appeals in *Mahach-Watkins* summarized Justice

O'Connor's specific path for a district court to analyze this issue:

> There are three factors a district court should consider in determining whether a plaintiff succeeded in some way beyond the judgment for nominal damages. First, the court should consider '[t]he difference between the amount recovered and the damages sought,' which in most nominal damages cases will disfavor an award of fees. Second, the court should consider 'the significance of the legal issue on which the plaintiff claims to have prevailed.' Third, the court should consider whether the plaintiff 'accomplished some public goal.'

*Id.* (citations omitted) (brackets in original). Each of these factors applied to the present case disfavor an award of attorney's fees.

The difference between the amount of damages sought and the amount of the Plaintiffs' recovery disfavors an award of attorney's fees. Plaintiffs represent in their Reply Brief that because Marion Howell only sought $50,000 in damages for her unlawful entry claim and she actually received one dollar, the difference between claim and recovery is slight and fees should be awarded. To support this claim, Plaintiffs cite cases with higher demand-to-award ratios where fees were awarded. Plaintiffs' analysis is unpersuasive. In the Amended Complaint, Marion Howell sought damages based on many legal theories, some of which were discarded prior to trial. Marion also sought punitive damages, a theory of recovery which the Court rejected during trial. Consideration of her degree of success in this action requires consideration of damages she sought for all of the

claims she alleged in the Amended Complaint, not just the claim upon which she prevailed at trial. In this context, the Court finds the gap between damages sought and damages awarded much more significant than Plaintiffs represent in their Reply Brief. The vast disparity between the various theories for damages Marion Howell sought in this action and the jury's award of one dollar firmly negates Plaintiff's claim that an award of attorney's fees is proper.

The significance of the legal issue on which Marion Howell prevailed does not counsel in favor of an award of attorney's fees. The only warrant the Plaintiffs' cite in support of their claim that this factor supports an award of attorney's fees is that the County Defendants have filed notice of their intent to appeal. Plaintiffs offer no analysis to connect this fact to the legal conclusion they argue. The connection is far from self-evident. While it may be true that the County Defendants' Notice of Appeal "means more extra work for [their] attorney" and they therefore attach some significance to the legal issue decided in Marion Howell's favor, this fact is not evidence of the essential importance of the issue in the broader scheme of civil rights litigation, of which this case is a part. In applying this factor, the Court is called to consider the importance of the constitutional violation itself, not the importance of the issue to the Plaintiff. *See id.* at 1062. Marion Howell prevailed on her claim that Deputy Secor committed a

technical violation of the Fourth Amendment of the Constitution when he entered her home without permission of an adult with authority to consent. This sort of technical violation does not rise to such importance that an award of attorney's fees is warranted. The circumstance of this violation is readily distinguishable from that considered by the Court of Appeals when it upheld an award of attorney's fees in *Mahach-Watkins*. There, the Court of Appeals observed that it is "difficult[] [to] imagin[e] a more important issue than the legality of state-sanctioned force resulting in death." *Id.* at 1062. The consequence of Deputy Secor's unlawful act of entering the Howells' home without consent is nowhere near as grave as the California Highway Patrol's deadly conduct at issue in *Mahach-Watkins*. The technical violation upon which Marion Howell prevailed at trial does not warrant an award of attorney's fees because of the significance of the legal issue at stake.

The third factor courts must consider when a nominal damages plaintiff in a civil rights action seeks attorney's fees is whether the litigation "accomplished some public goal." *Id.* at 1059. Analysis of this factor requires consideration of whether the verdict benefits society as a whole. Oftentimes this benefit flows from the deterrent effect of the verdict. *See, e.g., Guy v. City of San Diego*, 608 F.3d 582, 590 (9th Cir. 2010). At trial, Deputy Secor represented that he entered

the Howell's home to check on the welfare of that a minor child who granted him permission to enter. This circumstance is somewhat divergent from the clearly established right of citizens to be free from unwarranted search of a home. Plaintiffs' claims that law enforcement officers generally and Deputy Secor in particular will be deterred from entering homes without a warrant by the outcome of this action are not well-reasoned. This case is not the type of watershed decision that will produce tangible changes to law enforcement procedures that will benefit the public.

With no ground for a reasonable award of attorney's fees, the Court need not consider the reasonableness of the fees sought or calculate a reasonable award by reference to the hours claimed and hourly rate sought. *Farrar*, 506 U.S. at 114-15. Having found that the factors elucidated by Justice O'Connor in her concurring opinion in *Farrar* and adopted by the Court of Appeals in *Mahach-Watkins* counsel against an award of fees in this action, Plaintiffs' Motion for an award of attorney's fees under 42 U.S.C. § 1988(b) will be denied.

### B.    Plaintiffs' Claim for Attorney's Fees under Montana Law

Plaintiffs are not entitled to an award of attorney's fees under Montana law. Marion Howell prevailed on her unlawful entry claim brought under Article II, Section 11 of the Montana Constitution. The jury awarded only nominal damages

-12-

of one dollar for this claim. Plaintiffs now seek attorney's fees under the private

attorney general theory of fee recovery, endorsed by the Montana Supreme Court

in *Montanans for Responsible Use of School Trust v. State ex rel. Board of Land*

*Commissioners*, 989 P.2d 800 (Mont. 1999). There, the Court held that a plaintiff

may recover attorney's fees under a private attorney general theory if a trial court

deems such an award warranted after consideration of the strength of the public

policy vindicated by the litigation, the necessity for private enforcement and the

resultant burden on the plaintiff, and the number of people standing to benefit

from the decision. *Id.* at 811-12.

The factor analysis adopted by the Montana Supreme Court in *Montanans*

*for Responsible Use of School Trust* counsel against an award of fees in this case.

As previously discussed, the Plaintiffs' victory on a technical violation of law does

not serve important public policy goals or vindicate a public interest that will

benefit society at large. Their nominal victory serves no public goal nor will it "be

widely enjoyed among the citizens of this state." *Montanans for Responsible Use*

*of School Trust*, 989 P.2d at 812. Plaintiffs' pursuit of the technical violation for

unlawful entry of their home came as part of an effort to obtain financial

compensation, not a larger effort to vindicate the rights of Montanans under the

state constitution. "The private attorney general doctrine 'was not designed as a

-13-

method for rewarding litigants motivated by their own pecuniary interests who only coincidentally protect the public interest.'" *Sunburst School Dist. No. 2 v. Texaco, Inc.*, 165 P.3d 1079, 1098 (Mont. 2007). An award of Plaintiffs' attorney's fees is not warranted under Montana law.

## III. State Defendants' Motion for Review of Costs

Pursuant to Local Rule 54.1(6), the State Defendants Move for Review of the Clerk's Taxation of Costs in this matter. (Doc. 198.) The State Defendants present three objections to the Clerk's taxation of costs: the costs taxed should not have been reduced as duplicative, they should not have been denied compensation for expedited transcripts, and should, at the very least, have been awarded identical costs as were awarded to the County Defendants. Plaintiffs oppose each of the State Defendants' objections.

On a party's motion, the Court reviews taxation of costs by the Clerk *de novo*. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227, 233 (1964). Rule 51(d)(1) provides that "costs—other than attorney's fees—should be allowed to the prevailing party." Categories of items that may be taxed as costs are documented at 28 U.S.C. § 1920.

As previously noted, the State Defendants prevailed on all claims brought by Plaintiffs. The State Defendants sought taxation of costs for expedited

deposition transcripts for Marion Howell and Francis Howell, a deposition transcript for Colton Crofts, and for the transcript of certain audio recordings used in the case. (Docs. 182, 182-1.) The Clerk of Court awarded the State Defendants' costs only for their transcript of audio recordings. (Doc. 196.)

The State Defendants' Motion for Review of Costs and the objections related therein are meritorious. In the final analysis, each party to this action prevailed on at least one claim against another party. Plaintiffs' assertion that granting the entire bill of costs requested by the State Defendants would allow for double recovery of costs is in error. Rule 51(d)(1) refers to a prevailing *party*, not a prevailing *side*. As stated previously in this Order, as to claims against the State Defendants, both Francis and Marion Howell are not a prevailing party because the State Defendants prevailed on all claims each Plaintiff brought. The State Defendants filed an Application for Taxation of Costs, to which the Court looks when calculating the appropriate costs to tax. (*See* Doc. 182.) The Court finds that the State Defendants are entitled to taxation of their costs for deposition transcripts and audio recording transcripts in the amount of $2,910.47 against Francis and Marion Howell. *See* Fed. R. Civ. P. 51(d)(1); 28 U.S.C. § 1920(2).

The Plaintiffs' claim that the State Defendants may not seek costs of expedited transcripts of depositions is without merit. Where reasonably necessary

to pursuit of the action, costs of expedited transcripts of depositions are taxable and recoverable by a prevailing party. *Harrisburg Coalition Against Ruining the Env. v. Volpe*, 65 F.R.D. 608, 611 (M.D. Pa. 1974). The State Defendants claim that the expedited transcripts were necessary to pursuit of their case in that they were required for drafting of a Motion to Compel. Plaintiffs' contention that the costs should not be taxed because the State Defendants did not entirely prevail on their Motion to Compel is not responsive to the claim that the transcripts were needed to draft that Motion. The Court did not hold that the State Defendants' Motion to Compel was brought for a frivolous purpose, in fact, the Motion was granted in part and denied in part. (*See* Doc. 117.) The cost of expedited transcripts as originally requested by the State Defendants is recoverable under Rule 51(d)(1).

The County Defendants prevailed on all claims brought by Francis Howell, but did not prevail as to Marion Howell. Therefore, the County Defendants are entitled to taxation against Francis Howell for costs related to his claims. The County Defendants filed an Application for Taxation of Costs, to which the Court looks when calculating the appropriate costs to tax. (*See* Doc. 181.) The Court has determined that the County is entitled to the cost of deposition transcripts for Francis Howell, Scott Secor, Michael Walrath, Jim Cashell, and James Sulages.

*See* Fed. R. Civ. P. 51(d)(1); 28 U.S.C. § 1920(2). The County Defendants may also recover cost of exemplification of exhibits itemized in the County Defendants' application as "Exhibit Note" and "Exhibits." *See* Fed. R. Civ. P. 51(d)(1); 28 U.S.C. § 1920(4). The total bill of costs properly taxed for the County Defendants and against Francis Howell is $1,683.60.

The County Defendants may not recover some costs listed in their Application for Taxation of Costs. The cost of deposition transcripts for Marion Howell and Colton Crofts relate to Marion's claims, upon which the County Defendants did not prevail. The cost of the subpoena listed in the County Defendants' Bill of Costs does not indicate toward whom the subpoena was directed. Without this information, the Court cannot accurately determine the claim toward which it should be apportioned. Postage is not listed in 28 U.S.C. § 1920 as a cost that a judge or clerk of court may tax.

Marion Howell is the prevailing party as to her claims against the County Defendants, even though she prevailed on only one claim and the jury awarded her only nominal damages. *See Farrar*, 506 U.S. at 112. Marion Howell is entitled to taxation against the County Defendants for costs related to her claims. Marion Howell filed an Application for Taxation of Costs, to which the Court looks when calculating the appropriate costs to tax. (*See* Doc. 184.) The Court has

determined that Marion Howell is entitled to recover the cost of the filing fee and service of summons for this action. *See* Fed. R. Civ. P. 51(d)(1); 28 U.S.C. § 1920(1). Marion Howell is also entitled to recover the cost of deposition transcripts for Colton Crofts, Scott Secor, and James Sulages. *See* Fed. R. Civ. P. 51(d)(1); 28 U.S.C. § 1920(2). And Marion Howell may recover the cost of exemplification of exhibits and the cost of converting exhibits for digital display. *See* Fed. R. Civ. P. 51(d)(1); 28 U.S.C. § 1920(4); L.R. 54.1(b)(3)(B). The total bill of costs properly taxed for the Marion Howell and against the County Defendants is $2,011.55.

Marion Howell may not recover some costs listed on her Application for Taxation of Costs. Deposition transcripts for Michael Walrath and Jim Cashell and witness fees for Gary Lusin relate to Francis Howell's claim, a claim upon which Marion Howell did not prevail. Taxation of these costs is accordingly not warranted pursuant to Federal Rule of Civil Procedure 51(d)(1).

The State Defendants' Motion for Review of Costs and the objections related therein will be granted. The Clerk's Memoranda of Taxation of Costs will be stricken. On its own inherent authority and pursuant to Federal Rule of Civil Procedure 51(d)(1) and 28 U.S.C. § 1920, the Court will tax costs in accordance with the foregoing analysis.

## IV. Conclusion

IT IS ORDERED that Plaintiffs' Motion for Attorney Fees, (Doc. 185), is DENIED.

IT IS FURTHER ORDERED that the State Defendants' Motion for Review of Costs, (Doc. 198), is GRANTED.

IT IS FURTHER ORDERED that the Clerk's Memoranda of Taxation of Costs in this matter, (Docs. 194-196), are HEREBY STRICKEN.

IT IS FURTHER ORDERED that costs are HEREBY TAXED in favor of the State Defendants and against Francis and Marion Howell in the amount of $2,910.47 for the cost of printed or electronically recorded transcripts necessarily obtained for use in the case.

IT IS FURTHER ORDERED that costs are HEREBY TAXED in favor of the County Defendants and against Plaintiff Francis Howell in the amount of $1,683.60 for the cost of printed or electronically recorded transcripts necessarily obtained for use in the case and the cost of exemplification of materials.

IT IS FURTHER ORDERED that costs are HEREBY TAXED in favor of Plaintiff Marion Howell and against the County Defendants in the amount of $2,011.55 for fees of the Clerk, fees for service of summons, the cost of printed or electronically recorded transcripts necessarily obtained for use in the case and the

cost of exemplification of materials.

DATED this 28 day of August, 2014.

Donald W. Molloy, District Judge
United States District Court